JOURNAL ENTRY and OPINION
Appellant Ezra Rahamin appeals from the judgment of the Shaker Height's Municipal Court finding him guilty of Noncompliance with Notice under the City of University Heights' building code, namely Ordinance Section 1375.04. Rahamin assigns the following errors for our review:
 The trial court erred in finding the defendant violated University Heights Ordinance Section 1127.05
where the evidence did not prove that the existence of gas, electric meters and a hot water tank are prohibited by that section.
 The trial court erred in finding the defendant violated University Heights Ordinance Section 1345.02
where the evidence established that such disposals are only required in properties constructed after November 16, 1954 and this property was built in 1947.
Having reviewed the record and pertinent law, we dismiss this appeal for lack of a properly assigned error. The apposite facts follow.
The City of University Heights alleges Rahamin violated University Heights Ordinance Section (O.S.) 1375.04, Noncompliance with Notice.[1]
On March 14, 2000, Rahamin pled not guilty, and the Shaker Heights Municipal Court set a date for trial.
Following several continuances, the parties stipulated to the following: the building at issue was constructed in 1947 and purchased by Rahamin in 1990; in July of 1990, University Heights issued a building permit which included approved installation of a sink, lavatory, and shower on the third floor; on November 22, 1995, University Heights inspected the premises; subsequently, Rahamin appeared before the municipality's Board of Zoning Appeals and City Counsel; and University Heights alleged separate gas and electric meters and a hot water tank service the third floor of Rahamin's property in violation of University Heights Ordinance Section 1127.05.
The court found the following additional facts: the property at issue is zoned for two-family residence; the November 22, 1995 inspection uncovered violations of O.S. 1127.05 and O.S. 1345.02; the Board of Zoning Appeals denied Rahamin's requests to allow separate utility service to the third floor and to be grandfathered from installing two garbage disposal units; the City Council sustained the Board of Zoning Appeals' decision with regard to the utility service and the garbage disposal; Rahamin was advised of his right to appeal the City Council's decision to the Cuyahoga Court of Common Pleas under R.C. 2506; and the violations of O.S. 1127.05 and O.S. 1345.02 remain uncorrected.
The court found Rahamin guilty of Noncompliance, and sentenced him to 30 days in jail and issued a $1,000 fine. The court suspended the jail time and half the fine pending compliance within thirty days. This appeal followed.
In resolving this appeal we must separate the underlying violations, namely the installation of third floor utility meters and a hot water tank and the absence of garbage disposals, from the appealable issue, namely the lower court's decision finding Rahamin guilty of Noncompliance. Rahamin petitioned the Board of Zoning Appeals and then City Counsel for redress of the underlying violations. From there his proper avenue of appeal was to the Court of Common Pleas;[2] however, Rahamin chose to avoid that avenue. Instead, he asks us to review these administrative decisions. We cannot oblige.
The only issue properly appealable to us is whether the University Heights Municipal Court properly found Rahamin guilty of Noncompliance. Nonetheless, Rahamin assigned errors specifically pertaining to the propriety of the administrative decisions. These issues are not properly before us. As Rahamin has failed to assign any other error, we are left without an issue to review. Accordingly, Rahamin's appeal is without merit.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] University Heights had issued Rahamin's prior notice to remedy violations of O.S. 1127.05 pertaining to the installation of separate gas and electric meters and a hot water tank servicing the third floor of his building, and O.S. 1345.02 regarding failure to install garbage disposals.
[2] See R.C. 2605.01.